## R. N. HESTER v. THE STATE.

CRIMINAL LAW. *Trespass upon enclosed land. Possession. Code* 1880, § 2980.
    One charged under § 2980, code 1880, with trespass upon the enclosed land
    of another, cannot be convicted if the proof shows that the latter had no
    title to the land, and did not permanently reside on it, but had merely
    occupied it under verbal license from the owner, and at the time of the
    alleged trespass had abandoned it, although he may have purposed to
    return at some distant time.

FROM the circuit court of Attala county.

J. A. DAVIS, ESQ., special judge, presiding by consent.

Appellant was convicted under § 2980 of the code of 1880, which is as follows : "If any person shall go upon the enclosed land of another without his consent, after having been notified by such person or his agent not to do so, either personally or by public or posted notice, etc., he shall upon conviction," etc.

The land in controversy was United States vacant lands until April, 1887, when one Johnson, who had moved on the land, entered it under the homestead laws with money furnished by appellant, Hester, with whom the certificate of entry was left.

The evidence adduced in favor of the state showed that Burks, the prosecutor, entered upon the land in May or June, 1887, under a parol license from Johnson and with permission to occupy the land as long as he chose ; that he remained on the place until February, 1888, when, owing to the death of his mule, and inability to till the land, he removed to another place several miles away ; that before moving he had sowed several acres of enclosed land in oats, and had posted notices of warning against trespassers ; that several days afterwards the appellant entered upon the land, removed the dwelling house, and destroyed the oats ; that he, Burks, intended to return to the place in the fall of that year.

Appellant sought to justify his entry upon the land by testimony that Johnson had turned over to him the certificate of entry to secure the sum advanced by him to pay therefor ; that Johnson had abandoned the land, leaving it in charge of appellant ; that he gave

Burks permission to live upon the land temporarily until he could make other arrangements; and that appellant only took possession of the house and plowed up the land after their abandonment by Burks.

Many errors are assigned, based on the action of the court in excluding certain evidence, and in giving and refusing instructions, but the view taken of the case by this court renders it unnecessary to notice them.

*Allen & McCool,* for appellant.

The possession of the land by Burks was not sufficient. While title is not ordinarily involved in this class of cases, there must be actual possession of the *locus in quo* by the prosecutor. Constructive or legal possession, unaccompanied by title or color of title, is not sufficient. 22 Am. Rep. 37; 18 Ib. 208; 4 Ib. 258; *Campbell* v. *Rankin,* 99 U. S. 261; *Burt* v. *Panjaud,* Ib. 180; *Knight* v. *The State,* 64 Miss. 802. The latter case does not go so far as to allow a person without any title, and who is not in actual possession, to prosecute one who is *prima facie* entitled to possession, as was the appellant in this case, who held the certificate of homestead entry.

*T. M. Miller,* attorney-general, for the state.

The real issue was, had Burks abandoned the land? The prosecution under § 2980 does not involve title. The language, "land of another," is used in reference to peaceable possession. The theory of appellant is that there can be no possession without corporeal presence. If this were true, trespass might be committed with impunity during the momentary absence of the possessor. Burks was only temporarily absent, had sowed the land in oats, and intended to return in the fall. In applying statutes of limitation continued residence is not necessary, it being sufficient if the land is enclosed and used in such a manner as to give publicity to the possession. Angell Lim., § 392.

That the land had not been abandoned, was a fact settled by the jury under proper charges, and the conviction was proper.

COOPER, J., delivered the opinion of the court.

The evidence on the part of the state fails to show such possession of the land by the prosecutor, Burks, at the time of the alleged trespass, as to bring the appellant within the condemnation of § 2980 of the code. Burks had no pretense of title to the land, and according to his own showing was there by permission of Johnson. He had abandoned the actual occupancy and gone elsewhere to make a crop, intending to return at a distant time. His home was not on the land on which the trespass is charged to have been committed, and whether he should ever return to it was at least doubtful. Under these circumstances, the statute should not have been applied as against the defendant.

*The judgment is reversed and the defendant discharged.*